UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY GARRETT,

    Petitioner,

           v.                                    Civil No. 97-cv-4106-JPG

UNITED STATES OF AMERICA,           Criminal No 93-cr-40032-JPG

    Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Anthony Garrett's motion entitled "Plain Error Rule 52(b)" (Doc. 10), filed in this long closed case in which the Court denied in part and granted in part Garrett's first § 2255 motion (Doc. 10). This motion requests various forms of relief, not all of which should be filed in a single document, or even a single case. The Court will address in turn each part of Garrett's motion and will consider it in the most appropriate way.

**I.    Sentence Reductions**

Garrett asks the Court to reduce his sentence in light of Amendments 750 and 782 to the United States Sentencing Guidelines Manual ("U.S.S.G."), both of which are retroactive (Doc. 176 at 1). This request should be considered in Garrett's criminal case, not this closed § 2255 case. The Court will direct the Clerk of Court to refile a copy of this motion as a motion for a sentence reduction pursuant to Amendments 750 and 782 in his criminal case. The Court notes it has already denied Garrett reductions based on these two amendments on the grounds that he was a career offender and that his sentencing range was therefore not lowered by the amendments (No. 93-cr-40032-JPG, Docs. 176 & 179). However, in light of Garrett's anticipated challenge to his career offender status, the Court will allow a successive sentence reduction motion, which could be relevant if his career offender status is vacated.

**II.    Sentencing Errors**

Garrett asks the Court to remand this case for resentencing because the Court erred in its

instructions to the jury in his criminal trial and in calculating his relevant conduct at sentencing (Doc. 176 at 2-4).  He also asks the Court to resentence him based on the unconstitutional application of the career offender guideline residual clause, U.S.S.G. § 4B1.2(1)(ii) (1993), to find his prior convictions listed in ¶¶ 43 and 44[1] of his Presentence Investigation Report ("PSR") were "crimes of violence" (Doc. 176 at 4-6).

The relief Garrett requests in this portion of his motion is only available in a motion under 28 U.S.C. § 2255 to vacate his sentence.  The Court therefore construes it as a § 2255 motion despite the fact that it is not explicitly labeled as such.  "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover."  *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *accord Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007).  This is at least Garrett's third § 2255 motion. He filed his first motion in this case in April 1997, and the Court denied the motion to the extent it sought relief from Garrett's drug conviction and granted it to the extent it sought relief from his firearm conviction (Doc. 7).  He filed his second motion in January 2005, and the Court dismissed it for lack of jurisdiction because it was an unauthorized second or successive petition.  *See* 05-cv- 4009-JLF.

In order for the Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h).  *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).  It has not done so. Therefore, the Court does not have jurisdiction to entertain the pending § 2255 motion.

However, the part of this § 2255 motion targeting Garrett's career offender status raises the

---

[1] The PSR actually refers to felony convictions for crimes of violence at ¶¶ 33 and 34.  This is clearly a typographical error; no offense is described in ¶ 33, and the offense described in ¶ 34 is not even arguably violent.  The PSR clearly intended to cite ¶¶ 43 and 44, the paragraphs describing the offenses the Court actually used to support career offender status.

question of whether *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that an increased sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) violates the right to due process), applies to guideline career offenders like Garrett. *See United States v. Hurlburt*, No. 14-3611 & 15-1686, 2016 WL 4506717, *7 (7th Cir. Aug. 29, 2016) (*en banc*; holding on direct appeal that application of similar career offender residual clause was due process violation because it was unconstitutionally vague). On several occasions, the Court of Appeals has granted leave to file a successive § 2255 motion based on this theory, and the Court suspects it may authorize Garrett to do so. Accordingly, the Court will forward Garrett's motion to the Court of Appeals for its possible consideration as a motion for leave to file a successive § 2255 motion. If such leave is granted, the petitioner should file a new § 2255 motion in this Court.

### III.     Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A certificate is required even for cases in which the court dismissed an unauthorized second or successive collateral attack for lack of jurisdiction. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

(certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). The Court finds that Garrett has not made such a showing and, accordingly, declines to issue a certificate of appealability.

## IV.  Summary

For the foregoing reasons, the Court:

- **DIRECTS** the Clerk of Court to refile this motion (Doc. 10) as a motion for a sentence reduction pursuant to Amendments 750 and 782 in Garrett's criminal case, 93-cr-40032-JPG;

- **DISMISSES** this motion as an unauthorized second or successive § 2255 motion (Doc. 10);

- **DECLINES** to issue a certificate of appealability;

- **DIRECTS** the Clerk of Court to send a copy of this motion to the Court of Appeals along with a copy of this order for its possible consideration as a motion for leave to file a second or successive § 2255 motion based on *Johnson*; and

- **DIRECTS** the Clerk of Court to send a copy of Administrative Order 176 and a § 2255 form to Garrett for his use if the Court of Appeals authorizes him to file a successive § 2255 motion.

**IT IS SO ORDERED.**
**DATED:   November 16, 2016**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
